IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICA WOODALL,<br>    *Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-24-CV-01229-XR |
| PHG STONE OAK, LLC,  PEACHTREE HOSPITALITY MANAGEMENT, LLC, HILTON WORLDWIDE HOLDINGS INC.,  HILTON EMPLOYER, INC., HILTON EMPLOYER, LLC,  HILTON HONORS WORLDWIDE, LLC,<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Plaintiff's motion to voluntarily dismiss this action without prejudice. ECF No. 5. After careful consideration, the motion is **GRANTED**.

## BACKGROUND

This is a negligence action stemming from missing property allegedly stolen during a hotel stay in October 2023. ECF No. 1-3 ¶ 11. Plaintiff initially sued three actors: Park Hotels & Resorts, Inc., Hilton, LLC, and an Unknown Desk Clerk, in the 37th Judicial District, Bexar County, Texas in July 2024. *Id.* ¶ 6. After Plaintiff filed her First Amended Petition joining various Hilton-related defendants, counsel for Defendants PHG Stone Oak, LLC ("Stone Oak") and Peachtree Hospitality Management, LLC ("Peachtree") (together, "Defendants") informed Plaintiff that the existing parties were not proper parties and identified the proper parties for this action. ECF No. 1 ¶ 8. Plaintiff filed a Second Amended Petition on October 7, 2024, joining Stone Oak and Peachtree but leaving the remaining Hilton-related defendants. *Id.* ¶ 9.

1

On October 25, 2024, Defendants removed the case to this Court based on diversity jurisdiction and filed an answer. ECF Nos. 1, 2.[1] Plaintiff filed a Notice of Nonsuit on November 5, 2024, seeking to dismiss its claims without prejudice with each party bearing its own costs. ECF No. 5. The Court converted this request to a motion for voluntary dismissal under Rule 41(a)(2). ECF No. 7. On November 8, 2024, Defendants requested Plaintiff's nonsuit of all claims without prejudice be granted, but with an award of costs and attorneys' fees to Defendants. ECF No. 8.

Plaintiff did not respond but filed a Rule 7 Disclosure Statement, listing "Demaris Reyes, soon to be added as a defendant," who "resides at 1125 Delgado Street San Antonio, Texas." ECF No. 9. Because the Court was unaware if Plaintiff intended to continue this action or seek dismissal without prejudice, the Court ordered Plaintiff to advise the Court how she intended to proceed. ECF No. 11.

On November 22, 2024, Plaintiff told the Court that she is proceeding with her motion to dismiss and opposed an award of costs and attorney's fees under Rule 41. ECF No. 12.

## DISCUSSION

### I. Legal Standard

Rule 41(a)(2) states that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Rule 41(a)(2) is designed to protect non-movants from prejudice occasioned by unconditional dismissals. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 316 (5th Cir. 2002). Therefore, "faced with a Rule 41(a)(2) motion, the district court "should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *Id.* at 317.

---

[1] Stone Oak and Peachtree assert that the remaining Hilton defendants—Hilton Worldwide Holdings, Inc., Hilton Employer, Inc, Hilton Employer, LLC, Hilton Honors Worldwide, LLC, and Hilton Reservations Worldwide, LLC—are not proper parties nor have they been served. ECF No. 1 ¶¶ 16–20. To date, these remaining parties have not appeared in this action.

In assessing whether dismissal will cause the non-moving party plain legal prejudice, the Fifth Circuit has considered various factors, including whether: (1) the plaintiff seeks dismissal to avoid an adverse ruling; (2) the plaintiff excessively delayed or lacked diligence in prosecuting the action; (3) the plaintiff inadequately explains the need for dismissal; or (4) the parties have expended significant resources preparing for trial or moving for summary judgment. *See U.S. ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 197–98 (5th Cir. 2018). The fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of "plain legal prejudice" and denial of a Rule 41(a)(2) motion to dismiss. *Elbaor*, 279 F.3d at 317 n.3.

If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options: it can deny the motion outright or it can craft conditions that will cure the prejudice. In the alternative, Rule 41(a)(2) gives the district court "discretion to create and attach conditions to the grant of a plaintiff's motion to dismiss without prejudice." *Conley v. Aetna Life Ins. Co.*, No. 99-10149, 2000 WL 554056, *3 (5th Cir. April 11, 2000). "Evidence of expense incurred can of course support a discretionary award of attorney's fees and costs." *Elbaor*, 279 F.3d at 317 n.3 (citing *Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 129 (5th Cir. 1978)).

II. **Analysis**

Considering the relevant factors, the Court concludes that dismissal will not cause Defendants plain legal prejudice. There are no pending motions that Plaintiff seeks to avoid an adverse ruling on. The incident occurred a year ago and the Original Petition was filed only four months ago. *Cf. Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360–61 (5th Cir. 1990) (lower court properly denied motion for voluntary dismissal filed after ten months of litigation, numerous hearings, significant discovery, summary judgment grant in one

defendant's favor, and scheduled jury trial for remaining defendants); *Vaughn*, 907 F.3d at 197–98 (lower court did not abuse its discretion in granting unconditional dismissal of action where seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun). Although Plaintiff has not explained the need for dismissal, the parties are far from trial or summary judgment and the Court has not yet entered a Scheduling Order.

Given the early stages of the proceeding, the Court also does not find a discretionary award of fees appropriate. While Plaintiff is incorrect that costs and fees cannot be awarded under Rule 41 because she has "never previously dismissed an action in any court against the Defendants," ECF No. 12, Defendants have only incurred fees for removing this case and filing an answer. There has been no unnecessary motion practice. And the concern that Plaintiff's dismissal is likely an attempt to replead in state court amounts only to "the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for voluntary dismissal (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** all claims and causes of actions brought by Plaintiff Mica Woodson against Defendants PHG Stone Oak, LLC; Peachtree Hospitality Management, LLC; Hilton Worldwide Holdings Inc.; Hilton Employer, Inc.; Hilton Employer, LLC; and Hilton Honors Worldwide, LLC, are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED THAT** Plaintiff and Defendants shall each bear their own costs, expenses, and attorneys' fees.

The Clerk is **DIRECTED** to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 26th day of November, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE